# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20769

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2018

Lyle W. Cayce
Clerk

WILLIAM PEARSON,

Plaintiff – Appellant,

v.

FREQUENCY CAR AUDIO #1, L.L.C.; FREQUENCY CAR AUDIO #2, L.L.C.; FREQUENCY CAR AUDIO #3, L.L.C.; AJIT S. KHALSA; SARBJIT SINGH,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-415

Before ELROD, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Appellant William Pearson sued his former employer for unpaid wages and underpayment of overtime, contending that his work at his supervisors' residences should be treated as work for their car audio business. The district court disagreed, but it awarded Pearson $5,000 in regular wages and $292 in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20769

overtime admitted by his employer. Because the record supports the district court's findings, we AFFIRM.

I.

Pearson is a former employee of Frequency Car Audio (Frequency), a retail business that installs and repairs car audio systems. Frequency has three store locations in Houston, each of which is owned by a separate limited liability company. Appellees and brothers Ajit Singh Khalsa and Sarbjit Singh own and operate the LLCs.

Pearson worked for Frequency from January 2014 to January 31, 2016. During this time, he was paid $1,000 per week, which the parties agreed would be paid half by check and half in cash. Pearson testified that he did not always receive the cash payments. In addition, while Pearson's primary job was to install car audio systems at one of the Frequency stores, he also performed work at Khalsa's and Singh's personal residential properties. According to Pearson, he worked an average of 65 hours per week for Frequency, but he was never paid overtime wages. Pearson counts the work he performed at Khalsa's and Singh's residences in this estimate.

In February 2016, Pearson filed suit against the three Frequency LLCs, Khalsa, and Singh, alleging underpayment of overtime under the Fair Labor Standards Act (FLSA), unpaid regular wages under a *quantum meruit* theory, and other FLSA violations. After a bench trial, the district court denied Pearson's claim for overtime wages except for $292.70 that Khalsa admitted Frequency owed Pearson. The court also awarded Pearson $5,000 in regular wages[1] and $6,250 in attorney's fees. Pearson timely appealed.

---

[1] Although Pearson's FLSA claims failed, the district court awarded him $5,000 in *quantum meruit* because Pearson testified that he had not received his regular $1,000 per week on five separate occasions, and "Frequency's books [were] incomplete and not in evidence" to refute this claim.

No. 17-20769

II.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Barto v. Shore Const., L.L.C.*, 801 F.3d 465, 471 (5th Cir. 2015) (quoting *Becker v. Tidewater, Inc.*, 586 F.3d 358, 365 (5th Cir. 2009)). To reverse for clear error, this court must be "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006)). When the district court's findings of fact are largely based on the credibility of witnesses testifying at trial, "the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." *Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 455 (5th Cir. 2018) (quoting Fed. R. Civ. P. 52(a)(6)).

Joint employer status is a question of fact. *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237–38 (5th Cir. 1973). A district court's decision not to award liquidated damages for unpaid overtime is reviewed for abuse of discretion. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016). Whether an employer violated the FLSA willfully is a question of fact. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

III.

On appeal, Pearson argues that the district court erred by: (1) failing to treat Frequency, Khalsa, and Singh as "joint employers" and consequently finding that Pearson had not worked any overtime; (2) failing to find Khalsa and Singh individually liable for Pearson's unpaid overtime; (3) rejecting Pearson's estimate of 65 hours of work per week; and (4) failing to award liquidated damages or find that Frequency's FLSA violations were willful.

After reviewing the parties' briefs and the record on appeal, we are persuaded that the record supports the district court's judgment. Although the district court could reasonably have resolved the factual disputes differently,

3

we see no reason to disturb its conclusions that Frequency, Khalsa, and Singh are not joint employers and that Pearson did not work any overtime.[2]  Nor will we disturb the district court's conclusion that Frequency was Pearson's only "employer" under the FLSA.  These factual findings are not clearly erroneous.  We further hold that the district court's estimate that Pearson worked 55 hours per week—rather than the 65 hours he testified to—is not clearly erroneous.[3]  Finally, we note that the district court did not err in declining to award liquidated damages because we uphold its finding that Frequency did not violate the FLSA by failing to pay Pearson for overtime work.  As to the $292 violation admitted by Khalsa, the district court's conclusion that this violation was not willful is supported by the record and not clearly erroneous.  Accordingly, the district court did not abuse its discretion in declining to award liquidated damages on that basis.  *See Singer v. City of Waco*, 324 F.3d 813, 822–23 (5th Cir. 2003).

## IV.

For the reasons discussed, we AFFIRM the district court's judgment.

---

[2] In his reply brief, Pearson argues that the notebooks and alarm records relied upon by Appellees are legally insufficient evidence that Frequency kept proper records under the FLSA.  But the question before the district court was not whether Frequency kept proper records—it was whether Pearson worked overtime.  And although the district court noted that Frequency's books were "incomplete and not in evidence," its conclusion that Pearson did not work overtime was based on its findings that: (1) Pearson's claim that his work at Khalsa's and Singh's residences constituted work for Frequency was "incredible"; (2) Khalsa's testimony that Pearson worked no overtime was credible; and (3) Pearson's claim that he worked on cars before the shop opened was "unquantifiable."  Thus, the district court's conclusion was largely based on the witnesses' credibility, so we must give that conclusion due regard.  *See* Fed. R. Civ. P. 52(a)(6).

[3] Pearson also contends in his reply brief that he "never took a structured one-hour lunch break," and, contrary to Appellees' characterization of the record, he "was never directed to take a one-hour lunch break."  Even taking these representations as true, they do not leave the court with a "definite and firm conviction" that the district court erred in finding that Pearson did not work overtime.  *See Barto*, 801 F.3d at 471.